[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW
One of the pro se parties in the above entitled action, Astrid A. Sundwall, filed a motion to dismiss the complaint and to dissolve a mechanic's lien. By letter to the Clerk's Office dated October 2, 1992, she requested that any hearing on the motion to dissolve be postponed until after her motion to dismiss was decided. At oral argument this defendant CT Page 10623 argued that her motion to dissolve was subordinate to her motion to dismiss. Accordingly, the court heard no argument, nor was evidence presented concerning the motion to dissolve the mechanic's lien.
The defendant attacks the August 27, 1992 Notice of Lis Pendens claiming that the Connecticut Lis Pendens statute is unconstitutional. This court agrees with the finding of New Destiny Development Corp., et al v. Samuel Piccione, Jr., et al, (USDC-CT, No. 3:91 CV-429) that 52-325 of the General Statute passes constitutional muster.
Likewise, this court agrees with the finding that Connecticut's mechanic's lien statute is constitutional. See; PDS Engineering Construction Inc. v. Double RS a/d/a Double RS Partnership, et al, 6 Conn. L. Rptr. 181 (1992).
Proper service was made upon this defendant at her usual place of abode.
Other grounds claimed in plaintiff's motion were either abandoned at argument or do not pertain to the instant motion.
The motion to dismiss is denied.
JOHN J. LANGENBACH JUDGE, SUPERIOR COURT